UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                          05-10183-MLW

DENNIS QUIRK

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Dennis Quirk, by his attorney, submits the following sentencing memorandum.

Objections to Presentence Report:

Mr. Quirk timely submitted objections to the initial presentence report.  As of the date of this memorandum, the probation office has not responded to those objections as the final PSR is not yet due.

Response to Government's Objection to Presentence Report:

In response to the Government's Objection to the PSR, Mr. Quirk incorporates by reference "Defendants' Motion To Strike Portions Of Count Three" (docket # 189).  Further, the government asserts that it can establish by a preponderance of the evidence that the Cobray firearm meets the requisite definition of a machine gun.  Mr. Quirk does not concede the government's assertion.  This assertion is based on the Affidavit of Michael W. Ennis.  Reliance upon Ennis's affidavit as proof that the Cobray is an automatic weapon violates Mr. Quirk's right to confrontation recently reinvigorated by *Crawford v. Washington*, 541 U.S. 36 (2004).  Mr. Quirk submits that this Court need not resolve the question of whether the Cobray is an automatic weapon in order to properly impose sentence.  Rather, Mr. Quirk reserves his right to request an evidentiary hearing or otherwise present evidence regarding the Cobray in the event

the government appeals from the sentence imposed, is successful in said appeal, this matter is remanded to this Court for resentencing, and the nature of the Cobray then is a critical question of fact.  At such time, Mr. Quirk will request the funds necessary to present expert witness testimony in support of a *Daubert* challenge to Ennis's opinion.

Opposition to Government's Motion For Upward Departure:

The Government asks this Court to rely upon 5K2.6 and 5K2.17 and depart upwardly from the 7 year consecutive sentence for conviction of Count 3 of the Second Superseding Indictment.  In so doing, the Government relies upon its interpretation of authority in the First Circuit opinions in *United States v. Hardy*, 99 F. 3d 1242 (1st Cir. 1996) and *United States v. Wallace* (461 F. 3d 15 (1st Cir. 2006).  These opinions do not support the requested departure.  The government accurately quoted the relevant language from *Wallace*, but failed to include the emphasis provided by the First Circuit and in so doing the reasoning why their requested departure is not supported by 5K2.6.

The relevant portion of the opinion, with full emphasis as supplied by the First Circuit noted in bold face reads:  "…to the extent a sentencing court supportably finds that a defendant's choice of weapons, and **the actual manner of its use**, increased the danger to **"unusual"** levels, an upward departure under U.S.S.G. sec 5K2.6 would be permissible.."

In both *Hardy* (repeated discharge of semi automatic in public housing project plus abandoning the weapon barrel up) and *Wallace* (pointing weapon in face of victim at close range) the departure was upheld because of the actual use employed by the defendant.  This stands in contrast to the government's focus upon the possible and theoretical use of the firearm by Mr. Quirk, not the actual use.

Mr. Quirk opposes the government's request for upward departure.

Defendant's Sentencing Recommendation:

Mr. Quirk reserves submitting his sentencing recommendation until he has received and reviewed the final PSR.

                                                 DENNIS QUIRK

                                                 /s/ Elliot M. Weinstein
                                                 Elliot M. Weinstein
                                                 BBO #520400
                                                 83 Atlantic Avenue
                                                 Boston, MA 02110
                                                 617-367-9334

August 8, 2007